UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| LIFE INSURANCE CO. OF N.A., | : | Case No. 08-cv-128 |
| | : | |
| Plaintiff, | : | Weber, J. |
| | : | Black, M.J |
| vs. | : | |
| | : | |
| MARILYN R. HALEY, *et al.*, | : | |
| | : | |
| | : | |
| Defendants. | : | |

**REPORT AND RECOMMENDATION[1] THAT: (1) THE CLERK DISPERSE THE $111,000 PLUS ANY APPLICABLE INTEREST, FROM THE REGISTRY OF THE COURT TO MARILYN HALEY, KATHLEEN HALEY CHIPPS, DAVID SULLIVAN, BETH ANN VAN DYNE-BRANDABUR AND AMY VAN DYNE-MOORE IN EQUAL SHARES; AND (2) THIS CASE BE CLOSED**

This case is an interpleader action to resolve competing claims for life insurance benefits under a life insurance policy in the total amount of $111,000. The policy is an employee welfare benefit plan, governed by the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §§1001, *et seq.*, for employees and/or former employees of AK Steel.

Now before the Court are the parties' cross motions for judgment.[2] (Docs. 33, 34).

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

[2] On April 9, 2009, Plaintiff deposited with the Clerk the life insurance benefits of Kenneth Haley in the amount of $120,260.68, consisting of the $111,000 life insurance benefit, plus $9,260.68 of accrued interest. (Doc. 32.)

## I. BACKGROUND AND PROCEDURAL HISTORY

The Parties have stipulated to the following (*See* Doc. 31):

Plaintiff is the Life Insurance Company of North America (hereinafter "the Insurance Company"). The Insurance Company maintains policy number FLX 980027, which funds life insurance benefits provided as an employee welfare benefit plan, as defined in the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1002(1), to employees and/or former employees of AK Steel. Plaintiff was and is a licensed insurance company as provided by Ohio law, licensed to and doing business in the State of Ohio as an insurance company, and issuing policies of life insurance and/or other insurance in Ohio and to Ohio residents. (Doc. 11, Ex. A).

Kenneth Haley, who died on August 31, 2007, while eligible for a life insurance benefit from Plaintiff Insurance Company, was a participant in the life insurance benefit plan.

Kenneth Haley executed a form entitled Contributory Group Life Insurance Enrollment Card Armco, Inc. on April 24, 1981. (Doc. 11, Ex. B).

Defendant Marilyn Haley was the surviving spouse of the decedent, Kenneth Haley, at the time of his death. Defendant Marilyn Haley claims entitlement to the full amount of life insurance on the life of Kenneth Haley pursuant to policy number FLX 980027.

Defendants Kathleen L. Haley Chipps and Sharon L. Haley Sullivan are the adult

surviving children of the decedent Kenneth Haley, but not of Marilyn Haley, and each claims entitlement to one-third of the life insurance on the life of Kenneth Haley pursuant to policy number FLX 980027.

Defendants Beth Ann Van Dyne-Brandabur and Amy Van Dyne-Moore are the surviving adult step-children of the decedent Kenneth Haley, who assert claims to a portion of the life insurance on the life Kenneth Haley pursuant to policy number FLX 980027. Defendants Beth Ann Van Dyne-Brandabur and Amy Van Dyne-Moore have assigned 100% of all their right, title, interest, and defenses they may have under the terms of the policy to Defendant Marilyn Haley, their mother.

## II. STANDARD OF REVIEW

The life insurance policy at issue in this case is an "employee welfare benefit plan" that is governed by Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et seq. See 29 U.S.C. § 1002(1). A participant or beneficiary of an ERISA qualified plan may bring suit in federal court to recover benefits due under the terms of the plan. 29 U.S.C. § 1132(a)(1)(B).

The ERISA statute provides that federal law shall supersede all state laws that "relate to" an ERISA plan. 29 U.S.C. § 1144(a). A particular state law relates to an ERISA plan "if it has a connection with or reference to such a plan." *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 97 (1983). The Sixth Circuit has repeatedly and explicitly held that the designation of beneficiaries has a connection with or reference to an ERISA plan,

-3-

and ERISA therefore preempts state law governing the designation of beneficiaries. *Metropolitan Life Ins. Co. v. Pressley*, 82 F.3d 126, 129 (6th Cir.1996); *McMillan v. Parrott*, 913 F.2d 310, 311 (6th Cir.1990).

Once it is established that ERISA applies and state law is preempted, the proper beneficiary is determined by looking to "the statutory language or, finding no answer there, to federal common law which, if not clear, may draw guidance from analogous state law." *Unicare Life & Health Ins. Co. v. Craig*, 157 Fed.Appx. 787, 791, 2005 WL 2323160, 3 (6th Cir. 2005) (quoting *McMillan*, 913 F.2d at 311.).

There is a split among the circuits with respect to the manner in which a beneficiary is determined. Some circuits, finding no explicit answer in the text of ERISA, immediately look to the federal common law for the controlling principles for designating beneficiaries. *See Guardian Life Ins. Co. of Am. v. Finch*, 395 F.3d 238, 240-41 (5th Cir.2004); *Hill v. AT & T Corp.*, 125 F.3d 646, 648 (8th Cir.1997); *Estate of Altobelli v. Int'l Bus. Machs. Corp.*, 77 F.3d 78, 81-82 (4th Cir.1996); *Fox Valley & Vicinity Constr. Workers Pension Fund v. Brown*, 897 F.2d 275, 280-81 (7th Cir.1990) (en banc).

"The Sixth Circuit takes a different view and holds that ERISA itself supplies the rule of law." *Metropolitan Life Ins. Co. v. Pressley*, 82 F.3d 126, 130 (6th Cir. 1996); *see also McMillan v. Parrott*, 913 F.2d 310, 311 (6th Cir. 1990); *Unicare Life & Health Ins. Co. v. Craig*, 157 F. App'x 787, 791 (6th Cir.2005). The Sixth Circuit's rule is grounded in the ERISA provision that requires a plan administrator to administer the plan "in

accordance with the documents and instruments governing the plan." 29 U.S.C. § 1104(a)(1)(D). *See Craig,* 157 F. App'x at 791.

Therefore, under the Sixth Circuit's bright-line rule, the Court must examine the plan documents to determine whether a beneficiary designation has been made in accordance with the plan documents. *Central States, Southeast & Southwest Areas Pension Fund v. Howell,* 227 F.3d 672, 674, 678 (6th Cir. 2000). The Court's review is limited to the administrative record of the benefit determination absent a procedural challenge to the administrator's decision. *Wilkins v. Baptist Healthcare System, Inc.,* 150 F.3d 609, 619 (6th Cir.1998).

## III. DISCUSSION

Here, defendant Marilyn Haley asserts that the Policy should be construed to provide for her as the sole beneficiary. In the alternative, Ms. Haley asserts the policy should be divided in fifths, between her and Kathleen Haley Chipps, Sharon Haley Sullivan[3], Beth Ann Van Dyne-Brandabur, and Amy Van Dyne-Moore, the four decedent's children and stepchildren. Defendants Chipps and Sullivan assert, however, that they and Defendant Haley are each entitled to one-third of the policy benefits. For the reasons that follow, the undersigned finds that the Policy should be divided equally between Ms. Haley and all surviving children and stepchildren.

As noted above, law requires that "the documents control." *McMillan,* 913 F.2d

---

[3] Ms. Sullivan is now deceased, and David Sullivan brings this action on her behalf as Executor of the Estate of Sharon Haley Sullivan.

-5-

at 312. Thus, because "the beneficiary card controls whom the plan administrator must pay," the Court may not look beyond the plan documents to determine the decedent's intent. *Unicare Life & Health Ins. Co. v. Craig*, 157 Fed.Appx. 787, 792, 2005 WL 2323160, 4 (6th Cir. 2005)(quoting *Howell*, 227 F.3d at 677).

Here, the enrollment card at the time of Mr. Haley's death lists the beneficiary(s) as "Marilyn Haley equal shares to surviving children." (Doc. 11, Ex. 2). Pursuant to the Policy, "[t]he term 'child' means a child who is a blood decedent of the first degree, a legally adopted child or stepchild who lives in the Employee's household." (Doc. 11, Ex. A, p. 31). Thus, the "surviving children," as defined by the Policy, include Kathleen Haley Chipps and Sharon Haley Sullivan, the decedent's children, as well as Beth Ann Van Dyne-Brandabur and Amy Van Dyne-Moore, the decedent's stepchildren.

The enrollment card further provides that if "more than one beneficiary is named, the death benefit, unless otherwise provided herein, will be paid in equal shares to the designated beneficiaries who survive the employee." (*Id.*)

Accordingly, the undersigned finds, as a matter of law upon the material and undisputed facts, that Defendants Chipps's and Sullivan's motion for summary judgement (Doc. 33 should be denied, and Defendant Hayley's motion for summary judgement (Doc. 34) should be denied in part and granted in part to the effect that final judgment should enter directing that the proceeds of Kenneth Haley's life insurance policy be divided equally among Marilyn Haley, Kathleen Haley Chipps, David Sullivan, Beth Ann Van Dyne-Brandabur, and Amy Van Dyne-Moore.

## IV. IT IS THEREFORE RECOMMENDED:

(1) that Defendants Chipps's and Sullivan's motion for summary judgement (Doc. 33) should be denied, and Defendant Hayley's motion for summary judgement (Doc. 34) should be denied in part and granted in part, to the effect that final judgment should enter directing that the proceeds of Kenneth Haley's life insurance policy, plus accrued interest, be divided equally among Marilyn Haley, Kathleen Haley Chipps, David Sullivan, Beth Ann Van Dyne-Brandabur, and Amy Van Dyne-Moore; that the Clerk be ordered to disburse the funds accordingly;[4] and that this case be closed.

Date: 2/25/10

Timothy S. Black
United States Magistrate Judge

---

[4] As noted above, Defendants Beth Ann Van Dyne-Brandabur and Amy Van Dyne-Moore have assigned 100% of all their right, title, interest, and defenses they may have under the terms of the policy to Defendant Marilyn Haley, their mother. Accordingly, the Clerk shall distribute three-fifths of the proceeds to Defendant Haley; and one-fifth to Defendant Kathleen Haley Chipps; and one-fifth to Defendant David Sullivan.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| LIFE INSURANCE CO. OF N.A., | : | Case No. 08-cv-128 |
| | : | |
| Plaintiff, | : | Weber, J. |
| | : | Black, M.J |
| vs. | : | |
| | : | |
| MARILYN R. HAILEY, *et al.*, | : | |
| | : | |
| Defendants. | | |

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **14 DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **14 DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).