UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

LIFE INSURANCE COMPANY
OF NORTH AMERICA,

        Plaintiff

        v.                             C-1-08-128

MARILYN R. HALEY, *et al.*,

        Defendants

This matter is before the Court upon the Report and Recommendation of the United States Magistrate Judge (doc. no. 43), objections filed by defendants Kathleen Haley Chipps and David M. Sullivan (doc. no. 45) and memorandum in opposition to objections of defendants Chipps and Sullivan filed by Marilyn R. Haley (doc. no. 46). On September 27, 2010, the Court granted defendant Chipps' and Sullivan's Motion to Strike Cross-Objections (doc. no. 47) and denied defendant Marilyn R. Haley's Motion for Extension of Time to File or to Accept Filing of Cross-Objections (doc. No. 48). On July 29, 2010, oral argument was held on the Report and Recommendation and at the hearing on

2

September 27, 2010, additional arguments and information were presented by the parties pertaining to the Report and Recommendation. The Court finds there exists no genuine issues of material fact.

The Magistrate Judge recommended that defendant Chipps' and Sullivan's Motion for Summary Judgment (doc. no. 33) be denied and defendant Haley's Motion for Summary Judgment (doc. no. 34) be denied in part and granted in part to the effect that final judgment should enter directing that the proceeds of Kenneth Haley's life insurance policy be divided equally among Marilyn R. Haley, Kathleen Haley Chipps, David Sullivan, Beth Ann Van Dyne-Brandabur and Amy Van Dyne-Moore.

Defendants Kathleen Haley Chipps and David M. Sullivan object to the fact that the Magistrate Judge looked beyond the enrollment card which lists on the first line under the heading of "Name of Beneficiary" *Marilyn Haley Wife* in decedent's handwriting. "Equal shares to surviving children" appears on the second line in decedent's handwriting. Defendants Chipps and Sullivan claim that the Magistrate Judge erroneous relied on inapplicable insurance policy language to reach his decision. They argue they should be entitled to share with Marilyn Haley

3

100% of the proceeds of the life insurance policy divided into equal one-third shares.

The matter is before the Court for *de novo* review.  The Magistrate Judge read the plan documents to support   Marilyn R. Haley's claim that she is entitled to 3/5ths of the proceeds of the life insurance policy because the policy definition of the term "child" includes "stepchild who lives in the Employee's household."  She claims that at the time the beneficiary designation was executed, Beth Ann Van Dyne-Brandabur and Amy Van Dyne-Moore, Mr. Haley's step-daughters, were living in Mr. Haley's household.  She asserts that she is entitled to their share of the proceeds because they previously assigned 100% of their right, title, interest and defenses to her.

**OBJECTIONS TO THE REPORT AND RECOMMENDATION**

Chipps and Sullivan filed timely objections to the Report and Recommendation.  Their objections to the Report and Recommendation have no merit.  The law is clear in this Circuit that the designation of beneficiary must be enforced as written in the Erisa plan documents.  *Metropolitan Life Ins. Co. v. Pressley,* 82 F.3d 126, 130 (6th Cir. 1996).

4

**The instructions provided on the enrollment card are not ambiguous.**

> **Beneficiary's Name. With right to change as stated in the policy. (Beneficiary should be written "Helen Jones" not "Mrs. Henry A. Jones" nor "Mrs. H.A. Jones").**
>
> <u>**If more than one beneficiary is named**</u>**, the death benefit, unless otherwise provided herein, will be paid in equal shares to the designated beneficiaries who survive the employee: If no such beneficiary survives, payment will be made in accordance with the terms of the policy.**

**In this case, Marilyn R. Haley accepted the recommendation of the Magistrate Judge by not filing timely objections to the Report and Recommendation.**

**III.**

**CONCLUSION**

**Upon a *de novo* review of the record, in light of the objections made by Chipps and Sullivan and the entire record before the Court, the Court ADOPTS the Magistrate Judge's recommendation (doc. no. 43). The proceeds of Kenneth Haley's life insurance policy, plus accrued interest, shall be distributed 60% to Marilyn R. Haley, 20% to Kathleen Haley**

**Chipps and 20% to David M. Sullivan, Executor of the Estate of Sharon Haley Sullivan, deceased, upon their written application to the Court.**

**IT IS SO ORDERED.**

<u>    s/Herman J. Weber    </u>
**Herman J. Weber, Senior Judge**
**United States District Court**